AO 472  (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

VICTOR GRANT SCHWARTZ
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05-80415 AND 05-80416

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -   that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the  ☐ date of conviction  ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence  that

On March 27, 2006 Defendant was brought before this Court for a bond review hearing. At that time it was reported that Defendant had violated conditions of his April 29, 2005 bond by testing positive for cocaine on May 3, 2005, October 24, 2005, February 17, 2006, and February 22, 2006. At the time of the hearing, Defendant initially answered the allegations in the Petition by denying drug usage on all of the drug testings. Defendant then altered his response and denied drug usage on some of the positive testing results. As drug treatment had not been afforded to this Defendant during the pendency of his bond, the Court continued bond with added bond conditions.            (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 9, 2006 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**USA V VICTOR GRANT SCHWARTZ,    05-80415 AND 05-80416**                              PAGE 2

Specifically Defendant was ordered to participate in inpatient drug treatment with outpatient aftercare to follow.  An electric monitor and curfew were also ordered.

Defendant was brought before this Court on May 9, 2006 on a second Petition for Action on Conditions of Pretrial Release.  It was reported that Defendant had been afforded the benefit of inpatient drug treatment and outpatient aftercare, but that he continues to use drugs.  In fact, he tested positive for cocaine on the morning of his second bond review hearing.

This Court has offered Defendant all of the resources available to it to enable him to comply with the conditions of his bond. Nonetheless Defendant has failed to successfully comply with the conditions of bond.  Defense counsel advised the Court that Defendant has also been violated on his State bond in Macomb County, and was due to begin an eight day sentence in the Macomb County Jail on May 10, 2006, for his drug usage, failure to advise of address change, and his failure to report to his supervising officer.

Based upon the above, there is no condition or combination of conditions that this Court could impose to assure Defendant's appearance or the safety of the community, and therefore Detention is now ORDERED.