UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 06-20294
                                  HONORABLE VICTORIA A. ROBERTS

v.

GRANT VICTOR SCHWARTZ,

        Defendant(s).
_____/

## ORDER

This matter is before the Court on the Government's Opposition to Defendant's Request to Plead Nolo Contendere to Count Two of Indictment. The Court declines Defendant's request.

**A.    BACKGROUND AND ARGUMENTS**

The Government indicted Defendant Grant Schwartz for (Count I) bank larceny, in violation of 18 U.S.C. §2113, and (Count II) false statements, in violation of 18 U.S.C. §1001. Defendant intends to plead to both counts without a Rule 11 Plea Agreement. However, he requests that the Court allow him to plead *nolo contendere* to Count II. It is alleged in Count II that Defendant spray-painted racist graffiti[1] on his own commercial building and falsely accused a neighboring businessman with whom he had an ongoing dispute, "Enzio Lieghio,"[2] of committing the act.

---

[1] "Stay off my property dumb Jew."

[2] The Government refers to Lieghio only as "EL" as though it is attempting to conceal Lieghio's identity. However, Lieghio is identified by name in the Complaint

1

Schwartz is being sued in a civil action in Macomb County by Lieghio and others. It is not clear what claims are asserted in this case. But, Defendant's civil attorney, Benjamin Aloia, stated in a letter to Defendant's criminal attorney that the civil case pertains to the allegations raised in Count II of the Indictment. Aloia said that Lieghio also threatens to bring a second civil suit against Defendant for defamation of character.

Defendant says that he only wants to plead *nolo contendere* so that his plea cannot be used as an admission in the civil action. The Government objects. It argues that *nolo contendere* pleas are viewed with disfavor and should only be accepted in exceptional circumstances. It further argues that: 1) allowing a *nolo contendere* plea will undermine the deterrent effect of the prosecution; 2) the public interest will not be well served because Defendant can avoid publicly accepting responsibility; 3) it is important to show that white collar crimes will not be dealt with less harshly; 4) the gravity of the offense makes a *nolo contendere* plea improper; 5) the issues for resolution in any civil suit will not involve whether Defendant made false statements or spray-painted his building; and 6) the Court should not be persuaded by any possible collateral consequences of Defendant's plea.

**B.    APPLICABLE LAW AND ANALYSIS**

A Defendant may plead *nolo contendere* with the Court's consent. FRCrP 11(a)(1). Before accepting such a plea, the Court "must consider the parties' views and the public interest in the effective administration of justice." FRCrP 11(a)(3). But, district courts have broad discretion in deciding whether to allow a *nolo contendere*

---

initially filed against Defendant. And, Defendant attached correspondence to his Response which refers to Lieghio by name.

plea. *United States v Bearden*, 274 F.3d. 1031 (6th Cir. 2001).

There is no clear standard or consensus among the few courts which have discussed the propriety of accepting a *nolo contendere* plea from defendants facing civil liability.[3] Each case is fact specific. For instance, in *United States v Dorman*, 496 F.2d 438 (4th Cir. 1974), the Fourth Circuit upheld the district court's refusal to accept a *nolo contendere* plea for interstate transportation of forged checks. Defendant wanted to plead *nolo contendere* to avoid civil liability for the forgeries. The district court refused defendant's request because of the court's policy against such pleas, except in income tax evasion cases. The district court stated that it only made the exception for income tax evasion cases to enable a defendant to admit guilt without being estopped from challenging an overstatement of the amount of tax owed. The exception did not apply to defendant because there was no likelihood that the indictment against the defendant inflated the amounts reflected in the forged checks.

On appeal, the *Dorman* Court stated that a defendant "does not have an absolute right to plead nolo contendere simply because he wishes to contest his civil liability." 496 F.2d at 440. And, since it found that the district court's ruling was not arbitrary or capricious, the *Dorman* Court held that there was "no abuse of discretion in [the district court's] general rule for pleas of nolo contendere nor in his refusal to apply its exception to [defendant]." *Id.*

In *United States v Faucette*, 223 F.Supp. 199 (S.D.N.Y. 1963), the defendant was charged with willful failure to file income tax returns. He asked to enter a *nolo*

---

[3]It appears that the Sixth Circuit has not addressed the issue in the context presented.

*contendere* plea because he also faced civil tax liabilities. The Court denied the request. It stated that "[t]he test to be applied is whether acceptance of the plea would be in the interest of sound administration of justice" and that, despite the possibility of civil liability, "leave should not be granted in the absence of exceptional circumstances which appeal to the court's discretion." 223 F.Supp. at 200, 202. The Court did not find defendant's circumstances to be exceptional, seemingly because it regarded defendant's actions as deliberate:

> The impression left with the court is of a man more concerned with business success than with his obligations to the Government, who may well have had motivations for ignoring the latter. It does not appear to me that he is entitled to special consideration and, indeed, were such consideration given him under the circumstances shown here it might well serve to weaken the deterrent effect of the penal provisions for the violation of federal income tax laws.

*Id* at 201.

In contrast, in *United States v Jones*, 119 F.Supp. 288, 290 (S.D. Cal. 1954), the Court stated that it typically allows a defendant to enter a *nolo contendere* plea unless there is some reason why it should not. The *Jones* defendant wanted to enter a *nolo contendere* plea because of potential civil litigation based on the same transactions pled in the Indictment. The Government objected, but only because it was the policy of the Attorney General to do so.

The *Jones* Court granted the defendant's request because there was no compelling reason to deny it. Additionally, the Court considered it important that courts protect against the use of criminal admissions as a vehicle for civil redress:

> It is always important for courts to avoid permitting criminal prosecution to be sued as a means of redressing civil wrongs and, by means of a criminal judgment, procuring either directly or

indirectly some advantage in a civil case.

119 F.Supp. at 290.

In *United States v Bagliore,* 182 F.Supp. 714 (E.D.N.Y. 1960), the court rejected the *Jones* Court's liberal approach, but allowed a *nolo contendere* plea (for receiving stolen property) by a defendant diagnosed with schizophrenia and a history of psychotic and anti-social behavior.  The Court reasoned that, because of his mental condition, defendant may not have fully comprehended the consequences of his criminal action.  Therefore, the Court found that defendant was sufficiently distinguishable from ordinary defendants to merit special consideration.

In *United States v American Bakeries Company* (*"American Bakeries II")*, 284 F.Supp. 871 (W.D. Mich. 1968), the Court found that it was in the public interest to allow the defendant companies to enter *nolo contendere* pleas to avoid protracted litigation over complex legal issues.  Defendants were a number of large and small bakeries which were charged with antitrust violations for, *inter alia*, price fixing.

When the Court initially considered the request, the State of Michigan appeared as amicus and opposed the *nolo contendere* pleas because it would preclude the State from relying upon the pleas as prima facie evidence in a treble damage civil suit.  *See United States v American Bakeries Company ("American Bakeries I")*, 284 F.Supp. 865 (W.D. Mich. 1968).  The Court stated that "[t]he basic standard to apply in deciding whether to accept nolo contendere is the public interest."  *Id* at 868.  The Court found that it was in the public interest to permit the smaller companies to plead *nolo contendere* because extensive antitrust litigation would likely put them out of business, they were not repeat violators and were small and not particularly powerful, and

because of the potential negative impact on competition if they went out of business. It also found, however, that it was not in the public interest to allow the large bakeries to plead *nolo contendere* because they were not vulnerable to extinction and each company had been fined on other occasions for antitrust violations. Therefore, the Court asserted that there was an apparent need for a stronger deterrent than was presented by the large bakeries' numerous *nolo contendere* pleas.

On reconsideration, the Court relented with regard to the large companies after it became apparent that there were a number of close, complex legal questions that would require protracted district court and appellate litigation:

> The existence of this multiplicity of close legal issues insures a long period before trial, a long trial, and an even longer appeal process after trial. But the intent of the statute authorizing pleas of nolo contendere was to avoid protracted litigation and to shorten the time between any violation and sentencing.
> 
> * * *
> 
> These considerations, made real by the number of close legal questions raised since the plea of nolo contendere was refused, cause this court to determine that the public interest would be best served by accepting the pleas of nolo contendere.

*American Bakeries II*, 284 F.Supp at 875.

In other anti-trust cases, courts declined to allow *nolo contendere* pleas absent some extraordinary circumstance, because they found that it lessens the deterrent effect of possible civil treble damages. *See United States v Brighton Building & Maintenance Co.,* 431 F.Supp. 1118 (N.D. Ill 1977); *United States v Standard Ultramarine and Color Company*, 137 F.Supp. 167 (S.D.N.Y. 1955).

To the extent there is a commonality among these cases, it is that the courts weigh the reason for a defendant's request to plead *nolo contendere* against the extent

to which the public interest will be served (or hindered) by allowing it.  Here, Defendant is only attempting to serve his personal rather than the public interest, and it does not appear that Defendant's situation is extraordinary or that there are mitigating factors.

Defendant attempted to manipulate the criminal system as revenge against another businessman, Mr. Lieghio.  Defendant's crime is made worse by the fact that he wrongfully labeled Mr. Lieghio as a racist who defiled commercial property with a hateful statement.  For anyone, a businessman especially, the ramifications of such a label can have incalculable consequences to one's reputation and business interests.  It is not clear what impact Defendant's actions had in the community on Mr. Lieghio's business and reputation.  But, if Mr. Lieghio was thought guilty and scorned, it is foreseeable that some in the community will continue to regard him that way if Defendant is able to continue to publicly deny responsibility.  Consequently, Mr. Lieghio's victimization will continue even after Defendant's plea as he works to regain the community's confidence and/or business.

In short, it appears that only Defendant would benefit from a *nolo contendere* plea.  No apparent public interest would be served.  Therefore, there is no compelling reason to allow Defendant to plead *nolo contendere*.  The Court **DENIES** any request for him to do so.

**IT IS SO ORDERED.**

          S/Victoria A. Roberts
          Victoria A. Roberts
          United States District Judge

Dated:  August 24, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 24, 2006.

S/Carol A. Pinegar
Deputy Clerk

8